O P I N I O N
Appellant Marty Schuring appeals the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator." The following facts give rise to this appeal.
On October 16, 2000, the Stark County Grand Jury indicted appellant with one count of rape and one count of gross sexual imposition as a result of sexually abusing his girlfriend's grandson. The child was between the ages of three and four when the abuse occurred. At his arraignment, appellant entered a plea of not guilty. However, on December 6, 2000, appellant withdrew his plea of not guilty and entered a guilty plea to the charges contained in the indictment.
The trial court sentenced appellant to a prison term of six years on the charge of rape and a definite term of three years on the charge of gross sexual imposition. The trial court ordered the sentences to be served concurrently. Immediately following sentencing, the trial court proceeded with an R.C. 2950.09 classification hearing. At this hearing, the trial court found appellant to be a "sexual predator." The trial court filed a judgment entry on December 12, 2000, indicating its finding.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In his sole assignment of error, appellant contends the trial court's decision to classify him as a "sexual predator" is not supported by clear and convincing evidence, especially as it pertains to his likelihood to commit sexually oriented offenses in the future. We disagree.
In the case of State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported, we reviewed this type of claim under a manifest weight of the evidence standard. In McIntyre, we found this to be the applicable standard of review as the Ohio Supreme Court, in the case of State v. Cook (1998), 83 Ohio St.3d 404, addressed a similar challenge under a manifest weight standard of review. See Cook at 426. As explained in McIntyre, because R.C. Chapter 2950 is remedial in nature and not punitive, we will review this claim under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
Under this standard of review, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus.
A "sexual predator" is statutorily defined as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The essential factors a trial court are to consider in determining whether a person should be classified a "sexual predator" are contained in R.C. 2950.09(B)(2). This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Pursuant to the above factors, at the sexual predator hearing, the trial court made the following findings based upon the documentation presented:
 (a) The age of the offender; Mr. Schuring was fifty-six and fifty-seven years of age during time period listed in the indictment.
 (b) The offender's prior criminal record; Mr. Schuring had a conviction for Gross Sexual Imposition in 1989, in Wayne County, Ohio. That case involved a child under the age of thirteen.
 (c) The age of the victim; the victim was three and four years old during the time period listed in the indictment.
* * *
 (f) The offender's prior prison terms if any; Mr. Schuring served a two year prison sentence for the 1989 Wayne County conviction. After serving a prison term for a sex offense relating to a young child, the defendant was unable to control his conduct and re-offended.
* * *
 (h) The nature of offense; Mr. Schuring performed oral sex on a three and/or four year old boy. Judgment Entry, Dec. 12, 2000, at 1-2.
Based upon these factors, the trial court concluded that appellant should be classified a "sexual predator" as defined in R .C. 2950.01(E). Appellant challenges the trial court's alleged lack of finding that he was likely to re-offend. In addressing this argument, we agree with the Court of Appeals for Franklin County, which held:
 Defendant argues that evidence of past wrongdoing does not provide clear and convincing evidence of his proclivity to commit sexual offenses in the present. Although the court is essentially determining the offender's propensity to engage in future behavior at a sexual predator hearing, a trier of fact can look at past behavior as well, because past behavior is often an important indicator of future propensity. State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97AP06-858, unreported, discretionary appeal allowed (1998), 81 Ohio St.3d 1443 (citing Kansas v. Hendricks [1997], 521 U.S. 346, 117 S.Ct. 2072, 2080, 138 L.Ed2d 501). Such predictions of future misconduct are "performed countless times each day throughout the American system of criminal justice." State v. Ramsey
(Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported, order certifying conflict accepted (1998), 81 Ohio St.3d 1514, 692 N.E.2d 619, and discretionary appeal not allowed (1998), 81 Ohio St.3d 1511, 692 N.E.2d 617 (citing Jurek v. Texas [1976], 428 U.S. 262, 274-75, 96 S.Ct. 2950, 49 L.E.2d 929). State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported, at 5.
Based upon our review of the record, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified a "sexual predator." The trial court's conclusion is not against the manifest weight of the evidence.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 _____________________ Wise, J
By: Hoffman, P. J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.